IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
IOWA CENTRAL DIVISION

| | |
|---|---|
| KATHLEEN K WHITE,<br><br>PLAINTIFF,<br><br>vs.<br><br>GOGGINS & LAVINTMAN, P.A.,<br><br>DEFENDANT. | Civil Action No.<br><br>COMPLAINT and DEMAND FOR JURY TRIAL |

NOW COMES the Plaintiff, Kathleen White ("Plaintiff" or "White") by and through her attorney, L. Ashley Zubal, and for her Complaint against the Defendant, Goggins & Lavintman, P.A. (hereinafter "Defendant" or "Goggins & Lavintman"), alleges as follows:

## I.   INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") and the Iowa Debt Collection Practices Act, § 537.7103, et seq, (hereinafter "IDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.   JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III.   PARTIES

3. Plaintiff, Kathleen White, is a natural person residing in West Des Moines, Iowa.

4. Defendant, Goggins & Lavintman, is a business engaged in the collection of debts owed to another in the State of Iowa.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is a "debtor" as that term is defined by Iowa Code § 537.7102(6).

6. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

7. At some point in time, the Plaintiff incurred a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Iowa Code § 537.7102(3), to Kwik Trip, Inc., which was used for personal, family, or household use.

8. Sometime thereafter, the debt was sold, assigned, or otherwise transferred to the Defendant for collection.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## IV.   FACTUAL ALLEGATIONS

10. Sometime in December, 2010, the Plaintiff received collection correspondence from the Defendant dated December 10, 2010. Said correspondence was the first correspondence the Plaintiff received from the Defendant.

11. The Defendant was assigned an alleged debt, specifically with regard to a bad check, to collect on from Kwik Trip, Inc. The check was issued to Kwik Trip, Inc. by the Plaintiff on July 10, 2010 in the amount of $46.55.

12. The correspondence contained language which includes but is not limited to the following: "All claims relative to your dishonored check(s) will be concluded for the sum of $ 134.65 if those funds are received in this office within 35 days from the date of this letter… Iowa Code § 554.3515, a copy of which is on the reverse side of this letter, provides that after 30 days of nonpayment following mailing of the notice of dishonor, an additional civil penalty, per check, as indicated on the enclosed table may be assessed. That 30 day period has expired. In an effort to resolve all issues regarding this matter, including the civil penalty that may be assessed, our client has authorized us to settle this matter for $134.65." The Defendant then requests the Plaintiff forward payment to the Defendant via money order or certified funds or credit card in the amount of $134.65.

13. The Defendant failed to provide the Plaintiff a written demand that IF THE FACE VALUE OF THE CHECK was not paid within thirty days of receipt, treble damages would be sought.

14. The Defendant failed in said correspondence to inform the Plaintiff that in order to obtain treble damages, the Defendant would have to file a civil legal action against the Plaintiff and that, should the Plaintiff be found liable for the bad check, the Court or jury may then, at hearing, award the Defendant treble damages.

15. Since the date of the Plaintiff's initial communication with the Defendant in December, 2010, the Defendant has failed to forward the required written correspondence to the Plaintiff stating the amount of the debt and the Plaintiff's right to request verification of the debt.

16. As a result of the above-referenced communications and actions of the Defendant, the Plaintiff has experienced the following damages including, but not limited to: frustration, stress, fear, loss of sleep and anxiety.

V.    FIRST CLAIM FOR RELIEF: VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

17. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 16.

18. The Fair Debt Collection Practices Act measures a debt collector's behavior according to an objective "least sophisticated debtor" standard which "ensures that the FDCPA protects all consumers, the gullible as well as the shrewd….the ignorant, the unthinking, and the credulous." Clomon v. Jackson, 988 F.2d 1314, 1318-19 (2d Cir. 1993).

19. Goggins & Lavintman, P.A. and its agents violated the FDCPA through the foregoing acts and omissions including, but not limited to:

   a. The Defendant violated 15 U.S.C. § 1692e(2)(a) through the false representation of the character, amount, or legal status of a debt.
   b. The Defendant violated 15 U.S.C. § 1692e(5) through the threat to take any action that cannot legally be taken or that is not intended to be taken.
   c. The Defendant violated 15 U.S.C. § 1692e(9) through the use or distribution of any written communication which simulates or is falsely

  represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which created a false impression as to its source, authorization, or approval.

 d. The Defendant violated 15 U.S.C. § 1692f through the use of unfair or unconscionable means to collect or attempt to collect a debt.

 e. The Defendant violated 15 U.S.C. § 1692g by failing, within five days after its initial communication with Plaintiff, to provide written notification containing a statement that unless Plaintiff, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendant would assume the debt was valid, or failed within five days after its initial communication with Plaintiff to provide a written notice containing a statement that if Plaintiff notified Defendant in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendant would obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment would be mailed to Plaintiff by Defendant and that Defendant would provide Plaintiff with the name and address of the original creditor.

20. The Plaintiff is entitled to statutory damages up to $1,000.00 for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A).

21. The Plaintiff is entitled to actual damages for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1).

22. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3).

### VI. SECOND CLAIM FOR RELIEF: VIOLATION OF THE IOWA DEBT COLLECTION PRACTICES ACT (IDCPA)

23. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 22.

24. Goggins & Lavintman, P.A. and its agents violated the IDCPA through the foregoing acts and omissions including, but not limited to:

Case 4:11-cv-00186-JEG-TJS   Document 1   Filed 04/26/11   Page 5 of 5

a. The Defendant violated Iowa Code § 537.7103(1)(f) by violating 15 U.S.C. §§ 1692e(2)(a); 1692e(5); 1692e(9); 1692f; and 1692g.

b. The Defendant violated Iowa Code § 537.7103(1)(f) by violating Iowa Code § 554.3513.

c. The Defendant violated Iowa Code § 537.7103(4)(e) through a misrepresentation, or a representation which tends to create a false impression of the character, extent or amount of a debt, or of its status in a legal proceeding.

25. The Plaintiff is entitled to statutory damages ranging from $100.00 to $1,000.00 for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

26. The Plaintiff is entitled to actual damages for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

27. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the IDCPA pursuant to § 537.5201(8).

WHEREFORE, the Plaintiff respectfully requests that judgment be entered against the Defendant, that the Plaintiff be awarded statutory damages, actual damages, the cost of this action along with reasonable attorney fees, and for such other relief as the Court deems appropriate in the circumstances.

## VII.   JURY DEMAND

The Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

  /s/ L. Ashley Zubal
L. Ashley Zubal IS9998256
Marks Law Firm, P.C.
4225 University Avenue
Des Moines, IA 50311
(515) 276-7211
(515) 276-6280
ATTORNEY FOR PLAINTIFF